**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **TYLER LEE CANARIS**, | ) |
| Plaintiff, | ) **CIVIL ACTION FILE NO:** |
| | ) **4:23-cv-00215-WMR** |
| v. | ) |
| **MICHAEL MCMASTER**, in his Individual Capacity as a former Deputy of the Paulding County Sheriff's Office, and **GARY GULLEDGE**, in his Individual and Official Capacity as Sheriff of Paulding County, | ) *Jury Trial Demanded* |
| Defendants. | ) |

**PLAINTIFF'S INITIAL DISCLOSURES**

COMES NOW Plaintiff **TYLER LEE CANARIS**, (hereinafter "Plaintiff"), and provides his Fed. R. Civ. P. 26(a)(1) Initial Disclosures as follows:

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**Response:** At approximately 6:00 am on Friday March 4, 2022, Plaintiff was walking from his home to work when he was detained and arrested by Defendant

McMaster, who suspected Plaintiff of breaking into cars. At the time Plaintiff was stopped, detained, and arrested by Defendant McMaster, there was no reasonable articulable suspicion or probable cause to arrest or detain Plaintiff. During the arrest and detention of Plaintiff, video of the incident shows Defendant McMaster violently slamming Plaintiff to the ground.

Plaintiff's contention is that his detention and arrest were unlawful, and that the physical force used by Defendant McMaster during his arrest was excessive, unreasonable, unnecessary, and in violation of state and federal law, including the Fourth Amendment of the United States Constitution. Following his arrest, it was determined by the Paulding County Sheriff's Office that Plaintiff was not breaking into cars.  As a result of being violently body slammed to the ground by Defendant McMaster, Plaintiff sustained significant injuries that required medical and surgical treatment for a left clavicle fracture, right thumb fracture, skull fracture, rupture of left ear drum, and traumatic brain injury, among other injuries.

At approximately 2:58 pm on March 4, 2022, Defendant McMaster prepared a Criminal Warrant that was presented to Paulding County Magistrate Judge L.F. Baty, alleging that Plaintiff committed the misdemeanor offense of obstructing of a law enforcement officer, in violation of O.C.G.A. § 16-10-24(a).  The statements and allegations made by Defendant McMaster in his Criminal Warrant are false,

misleading, and contradicted by video of the incident from his vehicle's dash camera. The false and misleading statements of Defendant McMaster resulted in the issuance of a criminal arrest warrant for Plaintiff.

On May 12, 2022, Plaintiff turned himself into the Paulding County jail for booking on the charge of misdemeanor obstruction of a law enforcement officer and was released on his "Own Recognizance" pursuant to an *Unsecured Judicial Release Order*. On November 21, 2022, a formal accusation was filed in the Clerk of State Court of Paulding County against Plaintiff by Luana P. Nolen, Solicitor General of Paulding County, charging him with one count of obstruction of an officer.

On May 13, 2024, in the case of *State of Georgia v. Tyler Lee Canaris*, Case Number: 22-CR-000264, State Court of Paulding County, Judge Eric A. Brewton, of the State Court of Cobb County, issued an Order dismissing the accusation charging Plaintiff with misdemeanor obstruction. See *Order Granting Defendant's Motion to Dismiss Accusation*.

Regarding Defendant Gulledge. He is a "person" under 42 U.S.C. § 1983 and during all times relevant was acting under color of law as the Paulding County Sheriff. During all times relevant, Defendant Gulledge, as a law enforcement officer, was vested with the authority and duty to protect life and property, prevent crime,

detect, arrest, prosecute offenders, preserve the public peace, and enforce the laws of the state of Georgia.

As sheriff, Defendant Gulledge is responsible for ensuring that his deputies complied with the color and pretense of federal and state laws, as well as the ordinances, regulations, customs, usages of the State of Georgia and Paulding County, and the policies of the Sheriff's Office. In his role as sheriff, Defendant Gulledge was ultimately responsible for the polices, practices, customs, and regulations of the Sheriff's Office; for the hiring, training, supervision, and discipline of Sheriff's Office deputies; and for promulgating all orders, rules, instructions, and standard operating procedures for citizen encounters with Sheriff's Office deputies acting in their official capacity.

While supervisory officials are not liable under 42 U.S.C. § 1983 for the unconstitutional acts of their subordinates based on respondeat superior or vicarious liability, supervisors can be held liable when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. See *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1354 (11th Cir. 2022).

Defendant Gulledge, in his individual and official capacity as the Paulding County Sheriff, has acted with deliberate indifference towards the Fourth Amendment constitutional rights of citizens to be free from excessive and

unreasonable force by Defendant McMaster, allowing widespread abuse of citizens by Defendant McMaster without taking corrective action until after the incident involving Plaintiff. The claims against Defendant Gulledge are based on his actions and omissions as Sheriff of Paulding County, including his role in the enactment and promulgation of Paulding County Sheriff's Office policies, customs, and procedures relating to discipline and supervision of deputies, including Defendant McMaster.

Defendant Gulledge, acting in his individual capacity, and official capacity as Sheriff, failed to take the necessary or corrective action to resolve issues relating to obvious, flagrant, and rampant violations of use of force by Defendant McMaster, which was the driving force, and the direct and proximate cause of the injuries suffered by Plaintiff from being wrongly arrested and assaulted by Defendant McMaster. Defendant Gulledge is also liable for the violation of Plaintiff's constitutional rights due to his deliberate indifference to Defendant McMaster violating the constitutional rights of citizens through the improper use of force, including deadly force.

Prior to this incident, Defendant Gulledge, in his role as Sheriff of Paulding County, was aware that Defendant McMaster had a history of violating the constitutional rights of citizens, and failed to take corrective action, and failed to enforce the policies and procedure of his department relating to use of force,

supervision and discipline of deputies. The custom, policies and practices described herein, and attributed to the actions and omissions of Defendant Gulledge in his role as Sheriff of Paulding County, were a direct contributing cause and driving force leading to the violation of Plaintiff's civil and constitutional right.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

**Response:** Fourth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. §§ 1983 and 1988; Monell v. Department of Soc. Svs., 436 U.S. 658 (1978), City of Canton v. Harris, 489 U.S. 378 (1989); Graham v. Connor, 490 U.S. 386 (1989; Christmas v. Harris Cnty., 51 F.4th 1348, 1354 (11th Cir. 2022); O.C.G.A. § 51-7-20; Glenn v. State, 310 Ga. 11 (2020); O.C.G.A. § 51-1-13; O.C.G.A. § 51-1-14; Kirkland v. Earth Fare, Inc., 289 Ga. App. 819 (2008); O.C.G.A. § 51-12-5.1; O.C.G.A. § 13-6-11; O.C.G.A. § 36-11-1; Ewumi v. State, 315 Ga. App. 656, 664 (2012); Fair v. State, 248 Ga. 165, 166 (2008); Boggs v. State, 261 Ga. App. 104, 105 (2003); Bunn v. State, 284 Ga. 410, 413 (2008); Smith v. State, 288 Ga. App. 87, 88 (2007); State v. Glanton, 366 Ga. App. 633, 636-37 (2023); State v. Dias, 284 Ga. App. 10, 13 (2007); Holtzendorf v. State, 125 Ga. App. 747 (1972); State v. Bizzard, 357 Ga. App. 339, 342 (2020); Williams v. State, 364 Ga. App. 340, 344

(2022); State v. Holt, 334 Ga. App. 610, 618 (2015); Holsey v. State, 271 Ga. 856, 861 (1999); State v. Copeland, 310 Ga. 345, 351-52 (2020); State v. Carr, 322 Ga. App. 132, 136 (2013); Bacon v. State, 347 Ga. App. 689, 690 (2018); O.C.G.A. § 16-10-24(a); O.C.G.A. § 16-3-24.2; O.C.G.A. § 16-3-21(a).

**(3)** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**Response:** See Attachment A.

**(4)** **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**Response:** Plaintiff does not have an expert to designate at this time but reserves the right to supplement this response.

**(5)** **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**Response:** See Attachment C.

**(6)** **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**Response:** Plaintiff seeks compensatory damages, in the form of general damages for physical and emotion pain and suffering to be determined by the enlightened conscience of a fair and impartial jury. Plaintiff also seeks special damages in the form of past and future medical expenses to be supplemented and made part of the

record, along with diminished earnings to be determined and supplemented through discovery. In addition, Plaintiff seeks reasonable attorney fees under O.C.G.A. § 13-6-11. Plaintiff reserves the right to supplement this response.

**(7)** **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**Response:** Not applicable.

**(8)** **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

**Response:** Not applicable.

Respectfully submitted this 28th day of June, 2024.

                                         THE COCHRAN FIRM – ATLANTA

                                         */s/ Samuel L. Starks*
                                         Shean D. Williams, Esq.
                                         Georgia Bar No. 764139
                                         Samuel L. Starks, Esq.
                                         Georgia Bar No. 676515
                                         *Attorneys for the Plaintiffs*

100 Peachtree Street, NW, Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
swilliams@cochranfirmatl.com
sstarks@cochranfirmatl.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TYLER LEE CANARIS**, | ) |
| | ) |
| Plaintiff, | ) **CIVIL ACTION FILE NO:** |
| | ) **4:23-cv-00215-WMR** |
| v. | ) |
| | ) |
| **MICHAEL MCMASTER**, in his Individual Capacity as a former Deputy of the Paulding County Sheriff's Office, and **GARY GULLEDGE**, in his Individual and Official Capacity as Sheriff of Paulding County, | ) ) ) ) ) *Jury Trial Demanded* |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a copy of the foregoing *Plaintiff's Initial Disclosures* with the Clerk of Court using the CM/ECF System which will automatically send email notification of such filing to the following counsel of record

Terry Williams, Esq.
Jason Waymire, Esq.
Williams & Waymire, LLC
4330 South Lee Street NE
Building 400-A
Buford, Georgia 30518
*Counsel for Defendant Michael McMaster*

Timothy Buckley, Esq.
Kelly L. Christopher, Esq.
2970 Clairmont Road N.E., Suite 650
Atlanta, Georgia 30329
*Counsel for Defendant Gary Gulledge*

Respectfully submitted this 28th day of June, 2024.

THE COCHRAN FIRM – ATLANTA

*/s/ Samuel L. Starks*
Shean D. Williams, Esq.
Georgia Bar No. 764139
Samuel L. Starks, Esq.
Georgia Bar No. 676515
*Attorneys for the Plaintiffs*

100 Peachtree Street, NW, Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
swilliams@cochranfirmatl.com
sstarks@cochranfirmatl.com